

# IN THE
## TENTH COURT OF APPEALS

No. 10-16-00162-CV

KAYCI PETERSON, INDIVIDUALLY AND
AS NEXT FRIEND OF G.P., W.P., AND G.P.,

Appellant

v.

MIDSTATE ENVIRONMENTAL SERVICES, LP
AND JOHN DOE EMPLOYEE OF MIDSTATE
ENVIRONMENTAL SERVICES, LP,

Appellees

From the 82nd District Court
Falls County, Texas
Trial Court No. 12-08-38275-CV

## CONCURRING OPINION

I concur in the judgment but not the opinion of the Court. Because this is a summary judgment case, I will summarize the evidence in the light most favorable to Peterson, the non-movant.

This case results from an event which was a single exposure to a toxic corrosive chemical while driving on a State of Texas highway. The chemical, whatever it was, was being hauled by Midstate on a truck driven by Doe. Due to the manner in which it was

being transported, it splashed out of the container and onto the vehicle being driven by Peterson.

Peterson and the other three occupants of the vehicle, her children, immediately experienced difficulty in breathing, skin irritation, and other effects from the fumes given off by the chemical. Additionally, a corrosive type defect appeared in the paint on the hood where the chemical came into contact with it.

Within days subsequent to the event, Peterson sought medical treatment for the immediate physical symptoms she experienced and later for mental health issues, such as PTSD, attributed to the event.

A fundamental procedural problem must first be addressed. Midstate asserted in its motion for summary judgment that Peterson sued Midstate for the "following causes of action: (1) strict products liability—design defect; (2) strict products liability—marketing defect; (3) breach of warranty; (4) manufacturer negligence; and (5) seller/distributor negligence." Midstate then asserts that Peterson must provide "proof of general causation" as to each of these causes of action. The problem for Midstate is that Peterson did not allege, so far as I am able to discern from a review of the original and amended petition, any of these claims/causes of action. This is a pretty straight forward negligence case. Midstate's motions for summary judgment are against claims that Peterson did not even assert against Midstate. That should have been the end of the hearing. This is the first time these litigants and their arguments pass each other like ships in the night. It will not be the last.

Nevertheless, we now move on to a motion that is not tied to the claims actually

made. The Court's opinion discusses the liability issue based upon the doctrine of *res ipsa loquitur*. The opinion also discusses causation in a basic event/injury-cause/effect analysis. On the other hand, the dissent focuses on the causation standard and scientific study requirements for toxic tort cases, specifically the scientific evidence necessary to prove causation between exposure to toxic substances and the claimed injury.

First, as to the elements of negligence necessary to establish liability, duty and breach, I do not believe we have to resort to *res ipsa loquitur*. Peterson alleged two bases of negligent conduct. Excessive speed and failure to properly secure the chemicals. The testimony of Peterson is more than enough to show the vehicle was traveling in excess of the speed limit (which gives rise to the breach of the duty based on the use of the doctrine of negligence per se) and that cargo being hauled by Midstate was not properly secured to prevent it from leaving the vehicle transporting it (which gives rise to the breach of duty based on the use of the doctrine of *res ipsa loquitur*). But in reality, the testimony is much more direct of breach of the duty and is not dependent on either doctrine.

Midstate does not claim it had no duty to secure the load it was hauling. Peterson's summary judgment evidence is to the effect that she saw the substance come from the Midstate's truck as or immediately after it passed her, while she herself was speeding, and that the substance landed on her vehicle. There is no universe in which that alone is not "some" evidence of the breach of the duty to maintain control of, in essence to properly secure, the load being hauled by Midstate. While I understand why Peterson may want to bolster the evidence by using the doctrines of negligence per se and *res ipsa loquitur*, I believe it is unnecessary to defeat the allegation that there is no evidence of a

breach. Peterson's personal eyewitness evidence is also some evidence that the chemical being transported came in direct contact with Peterson's vehicle and the fumes from it infiltrated the ventilation system of Peterson's vehicle. The direct contact on the painted surface of the vehicle resulted in corrosion of the painted surface. That is all that is needed to show property damage as a result of the event which would defeat summary judgment.

Arguably, we should stop there because this defeats Midstate's no evidence motion for summary judgment. It is time to call in the jury. But as to the personal injury damages, there are at least two types alleged: those medical expenses incurred in the days immediately after the event and mental health injuries, both of which are adequately documented by unobjected to excerpts from medical records provided in response to the motions for summary judgment. As explained below, these are not the type personal injuries, specifically defects or diseases, which has come to be referred to as "toxic torts."

Second, as to the causation requirement discussed by the dissent, I do not believe this is the type of negligence case that requires scientific studies to prove causation. This argument is the second time these litigants pass each other like ships in the night. Peterson's arguments include that she incurred immediate physical injuries as a result of the chemical exposure for which she sought treatment and also that she suffered mental health injuries from the event. Her claim does not depend on what the chemical was or her "dosage." Somewhat like damages from a slip and fall, it really does not matter what the substance was as long as you can establish that the defendant was responsible for it being there where it was encountered resulting in the fall and injuries.

If the only damages sought in this case were for damages caused by the exposure to a specific toxic chemical, it would be a much closer issue, and I would be more inclined to join the dissent. If this case was solely about what personal bodily injury exposure to the chemical caused, it would at least be in the field of cases to which epidemiological studies might apply. But this case is about an event that occurred on a highway. We have eye witness testimony about that event. We also have testimony and medical records that directly connect that event to property damage and personal injury in the nature of PTSD. While the cause and extent of the PTSD may be hotly contested, this is not the type of injury to which causation for a toxic tort, the "general" and "specific" scientific evidence standards for causation, applies. This is no different than a low back soft tissue injury after a car wreck. It is simply not the type of event/injury for which scientific studies are required. It is not a "toxic tort."

Scientific studies are required when a plaintiff is trying to establish a connection between exposure to a specific chemical and a specific injury; normally a specific disease or defect like asbestosis, silicosis, mesothelioma, other types of cancer, or birth defects. Those cases normally involve exposure to various chemicals, over a long period of time, at varying levels, and for which the symptoms do not immediately manifest but rather take months, if not years, to cause even the first symptom. In response to the need to establish causation in that type of case, courts have laid out a framework of what scientific evidence is necessary to be considered reliable evidence of causation. But that is not the type of damages Peterson seeks. Rather, she seeks property damage and personal injury damages as a result of the immediate onset of breathing difficulty, skin irritation, and

other injury directly related to the event. Midstate is certainly entitled to defend itself by arguing that Peterson's expression of respiratory distress and skin irritation is exaggerated or not credible and that used motor oil could not have caused those type symptoms, but that may only raise the question: "Well, then what were you hauling that damaged the painted surface of an automobile?" Moreover, as shown by the excerpts of medical records, it is the event that is the cause of the mental health issues, not what the chemical was or even the specific type of physical personal injury it caused or could have caused. The event is sufficiently connected to the mental injury by Peterson's summary judgment evidence to defeat the motions for summary judgment challenge to the causation element of Peterson's negligence claim.

In response to the motions for summary judgment, Peterson presented some evidence of each of the elements of a negligence claim that were challenged by Midstate and therefore the trial court erred in granting the motions and rendering a take nothing judgment. Based on the foregoing, I concur in the Court's judgment to the extent it reverses the trial court's judgment and remands the proceeding to the trial court. Nothing herein should be construed by the parties as having conclusively established anything. All I am concluding is that Midstate is not entitled to judgment based on its summary judgment motions.



TOM GRAY
Chief Justice

Concurring opinion delivered and filed January 2, 2019